IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

CURTIS ALLEN YOUNG,                    :
                                       :
        Petitioner,                    :
                                       :
v.                                     :        No. 2:14cv631
                                       :
J. HOLLINGSWORTH, WARDEN,              :
                                       :
        Respondent.                    :

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner, Curtis Young ("Young"), a federal inmate, was tried and convicted in this

Court in 2002 on a multiple-count indictment. He filed this habeas petition under 28 U.S.C. §

2241, seeking to vacate his conviction for felon in possession of a firearm ("Count 6") and

resentencing on all charges, for which he is currently serving a total of 205 months in prison.[1]

His petition argues that his 18 U.S.C. § 922(g) conviction was based on conduct that is no longer

deemed criminal because of subsequent changes in Fourth Circuit precedent addressing the

---

[1] Young is incarcerated in Ft. Dix, New Jersey. 28 U.S.C. § 2241 gives federal courts the power to grant writs of habeas corpus in "the district wherein the restraint complained of is had." § 2241(a). That is, § 2241 writs can be issued by courts in the district of confinement because the "district court properly exercises jurisdiction over a habeas petition whenever it has jurisdiction over the petitioner's custodian." United States v. Poole, 531 F.3d 263, 271 (4th Cir. 2008) (citing Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 495 (1973). Accordingly, this Court must have personal jurisdiction over Respondent to issue a writ of habeas corpus.

However, § 2241 jurisdiction is generally construed as either jurisdiction over the person or a matter of venue, but is distinct from "the sense of subject-matter jurisdiction of the District Court." United States v. Poole, 531 F.3d 263, 270 n.12 (4th Cir. 2008) (quoting Rumsfeld v. Padilla, 542 U.S. 426, 434 n. 7 (2004)). Accordingly, "any challenge to habeas proceedings based on this language in § 2241(a) is waived if not timely asserted" by the defendant. Kanai v. McHugh, 638 F.3d 251, 258 (4th Cir. 2011); see id. ("[R]egardless whether the phrase [in § 2241(a)] is better understood as a requirement of personal jurisdiction over a habeas respondent, . . . or as a venue provision prescribing the particular location for the filing of a habeas petition, . . . neither of these types of requirements addresses the subject-matter jurisdiction of the district courts."); Fed. R. Civ. P. 12(h)(1); see also Moore v. Olson, 368 F.3d 757, 758 (7th Cir. 2004). Here, Respondent, by counsel, has consented to personal jurisdiction and waived any defect. (ECF No. 7, at 7-8). Therefore, the court has jurisdiction to hear Young's claim and to afford him effective relief.

classification of North Carolina crimes in federal court, and that he should be resentenced under the United States Sentencing Guidelines ("the Guidelines"). See (ECF No. 1, at 6). Respondent agrees that Young's § 922(g) conviction should be vacated, but argues that Young is not entitled to resentencing in this proceeding. Because Young's felon in possession of a firearm conviction is based on conduct that has been rendered "not criminal" by a subsequent development in the law, the undersigned RECOMMENDS that the court grant Young's § 2241 petition and VACATE his conviction on Count 6. However, vacating Young's conviction on Count 6 has no effect on his sentence, as the sentence ran concurrently with Young's sentence on grouped counts that were unaffected by the change in law. Young has not articulated any basis to avoid the Fourth Circuit's decision which precludes review under § 2241 for claims of sentencing error. Accordingly, the report also RECOMMENDS his request for resentencing under § 2241 be denied.

## I. STATEMENT OF THE CASE

In 1997, Young was arrested for breaking-and-entering, in violation of North Carolina law § 14-54(a). Section 14-54(a) provides that "[a]ny person who breaks or enters any building with intent to commit any felony or larceny therein shall be punished as a Class H felon." N.C. Gen. Stat. § 14-54(a). At that sentencing, the judge found no aggravating factors and determined that Young had zero prior record points, and therefore had the lowest possible prior record level. On May 7, 1998, he was sentenced to five to six months' imprisonment. His maximum term of imprisonment under North Carolina law was eight months. See Resp.'s Br. (ECF No. 7, at 2) (citing N.C. Gen Stat. § 15A-1340.17(d)).

On February 19, 2002, Young was convicted by a jury of this Court of: uttering counterfeit securities, in violation of 18 U.S.C. § 472 (Count One); uttering counterfeit securities,

in violation of 18 U.S.C. § 471 (Count Two); possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) (Count Four); possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1) (Count Five); and felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1) (Count Six).[2]  The Court sentenced Young to 145 months' concurrent imprisonment on Counts 1, 2, and 4; 60 months' consecutive imprisonment on Count 5; and 120 months' concurrent imprisonment on Count 6, the felon in possession charge.  United States v. Young, 2:01cr227 (E.D. Va.) (ECF No. 30).  His convictions and sentences were affirmed on direct appeal.  On August 6, 2004, Young filed his initial § 2255 motion, which the court denied on February 25, 2005. Id. (ECF No. 59).

In August 2011, the United States Court of Appeals for the Fourth Circuit decided United States v. Simmons, and held that in order for a prior felony conviction to serve as a predicate offense under the Controlled Substances Act, the defendant himself must have been previously convicted of an offense "punishable by more than one year's imprisonment" based on his own criminal history and any aggravating factors alleged at the time of sentencing.  649 F.3d 237, 244 (4th Cir. 2011).  That is, Simmons "changed the way [the Fourth Circuit] determines whether prior convictions for certain low-level North Carolina felonies are punishable by more than one year in prison."  Miller v. United States, 735 F.3d 141, 145 (4th Cir. 2013).  Then in 2013, the Fourth Circuit held that Simmons announced a substantive rule, retroactively applicable to a petitioner claiming actual innocence of his felon in possession of a firearm conviction because the underlying act was no longer criminal. Id. at 146.

Because Young's North Carolina felony conviction for breaking and entering was the only felony conviction underlying the charge of felon in possession, he filed the present petition

---

[2] The Court granted Young's motion for judgment of acquittal on Count 3 of the indictment.  See United States v. Young, 2:01cr227 (E.D. Va.) (ECF No. 21-2).

for a writ of habeas corpus, pursuant to § 2241, challenging his Count 6 conviction. Young filed

his petition in the Alexandria division, which transferred it to the Norfolk Division. At about the

same time, Young, by counsel, filed a motion to reduce his sentence in his underlying criminal

case, pursuant to 18 U.S.C. § 3582(c) because of retroactive amendments to the Guidelines for

certain drug offenses. He asked the court to reduce his sentence to 116 months' imprisonment

on Counts 1, 2, 4, and 6, producing a total sentence of 176 months with the 60-month

consecutive sentence on Count 5. See Def.'s Br. (No. 2:01cr227, (ECF No. 103, at 4-5)). In its

brief on resentencing, the United States agreed that Young is entitled to a reduction in his

sentence and that he should be eligible for release November 1, 2015 – the first day allowed

under the Guidelines amendments. (No. 2:01cr227, (ECF No. 108, at 6)). The Court entered an

Order confirming the revised sentence on August 28, 2015 (No. 2:01cr227, (ECF No. 109).

In this habeas matter, Respondent also agrees with Young that:

> The Court should grant the defendant's Petition and vacate Young's Section
> 922(g)(1) offense because Young's prior conviction is not classified as a felony
> pursuant to Simmons. Specifically, Young's prior breaking-and-entering
> conviction is not considered a felony because Young – based on his criminal
> history and lack of aggravating factors – could not have been punished for more
> than one year imprisonment.

Resp.'s Br. (ECF No. 7, at 8). However, Respondent argues that "the court should deny Young's

Section 2241 Petition for a full resentencing because the court can provide adequate relief to

Young by correcting his sentence" in his underlying criminal case. Id. at 10.

## II. DISCUSSION

### A. Young Is Entitled to Habeas Relief, Vacating his Conviction on Count 6, Because It Is No Longer a Valid Conviction.

Federal prisoners must ordinarily challenge a conviction by a motion filed under 28

U.S.C. § 2255. See In re Jones, 226 F.3d 328, 332 (4th Cir. 2000). After a prisoner has once

filed such a motion, however, § 2255(h) prohibits successive motions for relief except in certain circumstances.  See 28 U.S.C. § 2255(h).  Young does not allege either of those applicable circumstances.  See, e.g., United States v. Poole, 531 F.3d 263, 266 n.4 (4th Cir. 2008) (discussing the two circumstances, either "(1) newly discovered evidence ... or (2) a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court") (quoting 28 U.S.C. § 2255(h)).  Accordingly, Young seeks relief by way of a § 2241 petition for a writ of habeas corpus.

A federal prisoner can only challenge a conviction through § 2241 "when § 2255 proves 'inadequate or ineffective to test the legality of . . . detention.'"  In re Jones, 226 F.3d at 333 (quoting § 2255(e)).[3]  Section 2255 is inadequate or ineffective when:

(1)  at the time of conviction, settled law of [the Fourth Circuit] or the Supreme Court established the legality of the conviction;

(2)  subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and

(3)  the prisoner cannot satisfy the gatekeeping provisions of § 2255 because the new rule is not one of constitutional law.

Id. at 333-34.  The savings clause, § 2255(e), opens "a narrow gateway to § 2241 relief for certain prisoners found actually innocent of their offenses of conviction, allowing relief only where the acts for which the defendant was convicted are not a crime."  United States v. Surratt, __ F.3d __, 2015 WL 4591677, at *4 (4th Cir. 2015).  Young is one of those prisoners.

---

[3] Section 2255(e) provides:

An application for a writ of habeas corpus [(§ 2241 petition)] in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section [2255], shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

First, at the time of his conviction, settled law of the circuit, United States v. Harp, 406 F.3d 242 (4th Cir. 2005) (holding that courts assess North Carolina felonies based on a hypothetical defendant's possible sentence), established the legality of his conviction. Second, the substantive law changed subsequent to Young's direct appeal and first § 2255 motion, such that the conduct of which he was convicted is deemed not to be criminal. See Miller, 735 F.3d at 145-46. Finally, Young cannot satisfy the gatekeeping provisions of § 2255 because Simmons is not a rule of constitutional law. See, e.g., Surratt, __ F.3d __, 2015 WL 4591677, at *19 ("[A] Simmons . . . does not present constitutional issues."). As a result, Young may attack his federal conviction on Count 6 through a § 2241 petition. [4]

As Respondent concedes, Young is entitled to have his conviction on Count 6 vacated because the change in circuit precedent that deemed Young's conduct no longer criminal applies retroactively on collateral review. See Resp.'s Br. (ECF No. 7, at 10); Miller, 735 F.3d at 146 ("Simmons, then, narrowed the scope of § 922(g)(1) by establishing that it does not reach defendants whose prior convictions could not have resulted in a sentence of more than one year in prison. Thus, Simmons altered 'the class of persons that the law punishes,' Schriro v. Summerlin, 542 U.S. 348, 353 (2004), and announced a substantive rule that is retroactively applicable."). Young is situated just as Miller – actually innocent of a § 922(g)(1) offense by virtue of Simmons. See Miller, 735 F.3d at 142. The Fourth Circuit vacated Miller's sentence. Id. Accordingly, Young's § 922(g)(1) conviction should also be vacated.

As Respondent outlines in his brief, the sole underlying felony to support Young's Count 6 conviction was his 1998 breaking-and-entering conviction. For that offense, Young's

---

[4] The Respondent's brief asserts that the Government "waives procedural objections to consideration of relief pursuant to Section 2241, insofar as it relates to the conviction and sentence on Count Six but no further." Because Young's claim to vacate his sentence and conviction on Count 6 is within the test of In re Jones, he is entitled to proceed under § 2241 and need not rely on the Government's partial waiver.

maximum term of imprisonment, based on his criminal history under North Carolina law, was eight months. Resp.'s Br. (ECF No. 7, at 9) (citing N.C. Gen. Stat. § 15A-1340.17(d)). "Thus, the Government agrees that Young's prior conviction for breaking-and-entering in North Carolina does not classify the defendant as a felon since it was not punishable by imprisonment in excess of one year." Id. Young was not a felon at the time of the conduct charged in Count 6, rendering the charged conduct (possessing a firearm) non-criminal. Therefore, in accord with Respondent's position, the undersigned RECOMMENDS that the court GRANT Young's petition and vacate his conviction under Count 6 for violating 18 U.S.C. § 922(g)(1).

### B. Young's § 2241 Request for Resentencing is Partially Mooted by the Relief Granted by the Court in the Underlying Criminal Case and Is Not Cognizable Under § 2241.

In addition to vacating his conviction, Young sought resentencing in his petition. He had also pursued resentencing under 18 U.S.C. 3582(c)(2) as a result of the Guidelines amendments. On August 28, 2015, the court granted Young's motion for a reduced sentence under 18 U.S.C. § 3582(c)(2). (No. 2:01cr227, (ECF No. 109)). The Court reduced the sentence on certain grouped counts to 116 months. Young also received a 60 month consecutive sentence on Count 5 for possessing a firearm in furtherance of a drug trafficking crime, leaving a total revised sentence of 176 months.

In this habeas matter, Young sought either "a sentence of 140 months imprisonment that would begin all calculations based upon the jury's verdict alone or alternatively, 178 months imprisonment to account for all new rules and amendments applicable today . . . ." Pet.'s Br. (ECF No. 8, at 6) (footnote omitted). Accordingly, the court's amended sentence of 176 months partially mooted his request for sentence relief in this petition.

Following Young's resentencing, the court requested additional briefing regarding Young's plan to persist with a sentencing claim in this action, and on September 9, 2015 his counsel filed a brief arguing that resentencing was still appropriate and should result in Young's immediate release, as he had already served the 176 month sentence and should not have to await the Guideline Amendments effective date of November 1, 2015 to obtain release.  Relying on the "equitable nature" of "the most celebrated writ in the English law," counsel argues that immediate release would be possible if the court grants resentencing under § 2241. Unfortunately, as the Respondent points out, federal prisoners use of the § 2241 remedy has not been extended to claims of sentencing error.

Fourth Circuit precedent limits the reach of the savings clause to those petitioners alleging "actual innocence of the underlying offense of conviction." Darden v. Stevens, 426 F. App'x 173, 174 (4th Cir. Apr. 29, 2011) (unpublished); see In re Jones, 226 F.3d at 333-34 ("[S]uch that the conduct of which the prisoner was convicted is deemed not to be criminal." (emphasis added)); Poole, 531 F.3d at 267 n.7 (citing In re Jones, 226 F.3d at 333-34) ("Fourth Circuit precedent has likewise not extended the reach of the savings clause to those petitioners challenging only their sentence."); see also Farrow v. Revell, 541 Fed. App'x 327, 328-29 (4th Cir. Oct. 9, 2013) (unpublished) (holding that petitioner's challenge to his armed career criminal status was not cognizable under § 2241, but his claim of actual innocence was cognizable). Although petitions under § 2241 may be used to challenge the execution of a federal sentence, United States v. Little, 392 F.3d 671, 679 (4th Cir. 2004), challenges to the validity of a federal sentence must fit within the Fourth Circuit's limited view of the savings clause articulated in In re Jones.

In this petition, Young may obtain relief on Count 6 under § 2241 because it fits within the Fourth Circuit's narrow interpretation of the savings clause. However, after vacating that conviction, and its concurrently running sentence, the remaining counts of conviction are unaffected. Young's original 145-month (now 116-month) sentence on the grouped counts is not reduced by vacating Count 6. Indeed, Young does not appear to dispute this point, but agues nonetheless that the court should exercise its equitable power to order his release prior to the Guidelines Amendment effective date of November 1, 2015. But given the Fourth Circuit's consistent adherence to the limited nature of relief available to federal prisoners under § 2241, Surratt, ___ F.3d ___, 2015 WL 4591677, and the very modest relief that could be accomplished by resentencing, he has not stated a claim for release earlier than November 1, 2015. Therefore, the undersigned RECOMMENDS that the court DENY Young's request for a resentencing hearing.

### III. RECOMMENDATION

Based on the foregoing, the undersigned RECOMMENDS that that the court GRANT IN PART Young's petition (ECF No. 1), VACATE his conviction and sentence on Count 6, charging felon in possession of a firearm, in Case No. 2:01cr227, and DENY his petition's request for resentencing, confirming his eligibility for release on the effective date of the Guidelines Amendment, November 1, 2015.

### IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1.      Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within fourteen (14) days from the

date of mailing of this Report to the objecting party, 28 U.S.C. § 636(b)(1)(C), computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.

2.     A district judge shall make a de novo determination of those portions of this report or specified findings or recommendations to which objection is made.

The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this Court based on such findings and recommendations. Thomas v. Arn, 474 U.S. 140 (1985); Carr v. Hutto, 737 F.2d 433 (4th Cir. 1984); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to provide a copy of this Order to all counsel of record via electronic filing.

/s/

Douglas E. Miller
United States Magistrate Judge

DOUGLAS E. MILLER
UNITED STATES MAGISTRATE JUDGE

Norfolk, Virginia

September 21, 2015